Panos Lagos, Esq. / SBN 61821
LAW OFFICES OF PANOS LAGOS
5032 Woodminster Lane
Oakland, CA 94602-2614
510.530.4078
510.530.4725 (FAX)
panos@panoslagoslaw.com

Attorney for Plaintiffs,
JAMES A. SCHMIDT, individually; CYNTHIA SCHMIDT, individually;
JAMES A. SCHMIDT and CYNTHIA SCHMIDT as Joint Successors in Interest
for GARRETT JAMES SCHMIDT, Deceased

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES A. SCHMIDT, individually; CYNTHIA SCHMIDT, individually; JAMES A. SCHMIDT and CYNTHIA SCHMIDT as Joint Successors in Interest for GARRETT JAMES SCHMIDT, Deceased | Case No.: |
| Plaintiffs, | COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL |
| v. | |
| CITY OF MODESTO, a public entity; CITY OF MODESTO POLICE CHIEF GALEN L. CARROLL, in his individual capacity; CITY OF MODESTO POLICE OFFICERS ALEX BETTIS, JOSEPH LAMANTIA, TYLER CALDWELL, DARIEN WILSON, JOSHUA SHACKELFORD, and DOES 1-10, jointly and severally, | |
| Defendants. | |

Plaintiffs, JAMES A. SCHMIDT, individually; CYNTHIA SCHMIDT, individually;

JAMES A. SCHMIDT and CYNTHIA SCHMIDT as Joint Successors in Interest for GARRETT

JAMES SCHMIDT, Deceased, by and through their attorney, Panos Lagos of the LAW

OFFICES OF PANOS LAGOS, for Plaintiffs' Complaint against Defendants, state as follows:

## JURISDICTION

1.      This is a civil rights, wrongful death, and survival action arising from Defendants'

wrongful use of recklessly applied use of significant intermediate force, including unnecessary,

inappropriate, and repeated TASER deployments, punches, resulting in the death of GARRETT

JAMES SCHMIDT on or about October 24, 2016, in Stanislaus County, California. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988; and the First, Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California, including but not limited to California Civil Code §§ 52.1 and 52, and California common law. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law

## **PARTIES AND PROCEDURE**

2.      JAMES A. SCHMIDT and CYNTHIA SCHMIDT are the parents of Plaintiff GARRETT JAMES SCHMIDT, and are residents of the State of California. GARRETT JAMES SCHMIDT, by and through his parents, brings these claims individually for wrongful death and violation of his personal rights, and as successors in interest for Decedent GARRETT JAMES SCHMIDT, asserting survival claims for GARRETT JAMES SCHMIDT. Plaintiffs bring these claims under state and federal law.

3.      Plaintiffs bring these claims individually and on behalf of Decedent GARRETT JAMES SCHMIDT pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful death actions. Plaintiffs also bring their claims on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiffs also bring these claims as Private Attorney Generals, to vindicate not only their rights, but others' civil rights of great importance.

4.      Defendant CITY OF MODESTO is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the CITY OF MODESTO POLICE DEPARTMENT (MPD) which employs other defendants in this action.

5.      Defendant Chief of Police of the MPD, GALEN L. CARROLL ("CARROLL"), at all material times was employed as Chief of Police of the MPD by Defendant CITY OF MODESTO, and he was acting within the course and scope of that employment. As Chief of

Police of the MPD, Defendant CARROLL was a policy-making official for Defendant CITY OF MODESTO with the power to make official and final policy for the MPD.  Defendant CARROLL is being sued in his individual and official capacities.

6.     Defendant ALEX BETTIS ("BETTIS") at all material times was employed as a police officer by Defendant CITY OF MODESTO, and he was acting within the course and scope of that employment.

7     Defendant JOSEPH LAMANTIA ("LAMANTIA") at all material times was employed as a police officer by Defendant CITY OF MODESTO, and he was acting within the course and scope of that employment.

8.     Defendant TYLER CALDWELL ("CALDWELL") at all material times was employed as a police officer by Defendant CITY OF MODESTO, and he was acting within the course and scope of that employment.

9.     Defendant DARIEN WILSON ("WILSON") at all material times was employed as a police officer by Defendant CITY OF MODESTO, and he was acting within the course and scope of that employment.

10.     Defendant JOSHUA SHAKELFORD ("SHAKELFORD") at all material times was employed as a police officer by Defendant CITY OF MODESTO, and he was acting within the course and scope of that employment.

11.     Despite Plaintiffs' requests for records, Defendants have not provided Plaintiffs or their representatives with copies of documents concerning this incident, including but not limited to, any police reports, records of any internal affairs investigations, dispatch audio, or body-camera video recordings of this incident.

12.     As a result, the true names and capacities of Defendants sued herein as DOES 1–10 ("DOE Defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when the same are ascertained.  Each DOE Defendant was an employee/agent of the CITY OF MODESTO and the MPD, and at all material times acted within the course and scope of that relationship.

COMPLAINT FOR DAMAGES                                      - 3 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

13.     Plaintiffs are informed and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused Plaintiff injuries culminating in his death and damages.  Further, one or more DOE Defendants was, at all material times, responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

14.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was, at all material times, an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.  Each Defendant was an integral participant, and was fundamentally involved, in the events described herein, including seizing and using excessive force against Decedent, and violations of Plaintiffs' rights.

15.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the MPD.

16.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

17.     Plaintiffs timely and properly filed tort claims pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

18.     This Complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## **GENERAL ALLEGATIONS**

19.     Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

COMPLAINT FOR DAMAGES                                                      - 4 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

20.     On or about October 24, 2016 at approximately 10:25 p.m., MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, responded to a 9-1-1 call of a man under the influence who had forced himself into a home.[1]

Having apprehended GARRETT JAMES SCHMIDT and while GARRETT JAMES SCHMIDT was face down with one arm already handcuffed and behind his back and the other arm not yet handcuffed, MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, repeatedly discharged their TASERS – an intermediate level of force – on GARRETT JAMES SCHMIDT causing GARRETT JAMES SCHMIDT cardio pulmonary arrest, an anoxic brain injury, and coma culminating in GARRETT JAMES SCHMIDT'S death on October 27, 2016.

MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, knew GARRETT JAMES SCHMIDT from previous contacts to be homeless and a drug addict.

21.     All named Defendant Officers either discharged their TASER on GARRETT JAMES SCHMIDT or acted as integral participants in the subject incident.

22.     While GARRETT JAMES SCHMIDT was face down on the ground with one arm already handcuffed and behind his back, he posed no significant or immediate threat of death or serious bodily harm to anyone. He was naked, obviously unarmed, and vastly outnumbered by at least the six named Defendant Officers. MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, failed to use available and less forceful alternatives to the intermediate level of force used while further failing to use their training in the application of techniques, control hold(s), and/or tactics to simply grab and handcuff GARRETT JAMES SCHMIDT'S remaining unhandcuffed arm.

23.     MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, grossly violated the generally accepted training and standards for proper and safe restraint of a person, and for use of force, in their misconduct against GARRETT JAMES

---

[1] Plaintiffs acknowledge the involvement of MPD Officer Michael Pershall in the October 24, 2016 incident. Officer Pershall is not named as a Defendant herein given his untimely August 22, 2017 death.

COMPLAINT FOR DAMAGES                                                    - 5 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

SCHMIDT in wanton and willful violations of GARRETT JAMES SCHMIDT'S constitutional rights.

24.    The type and amount of force Defendants used against GARRETT JAMES SCHMIDT, as described above, including multiple TASER shocks, amounted to the use of deadly force under the circumstances. The use of deadly force was not justified or lawful under the circumstances.

25.    MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, and possibly DOE Defendants, on information and belief, were present and integral participants in their joint conduct to conduct themselves in the manner alleged in ¶ 20 and, under federal law and generally accepted law enforcement standards and training, each was responsible for the totality of the force used in each Defendant's presence.  On information and belief, Defendants' uses of unnecessary and excessive force against GARRETT JAMES SCHMIDT lasted over five minutes.  Each of these Defendant officers, and possibly DOE Defendants, failed to intervene to stop, prevent, or report the use of excessive and unreasonable force and restraint by other officers, in violation of the law and generally accepted law enforcement standards and training.

26.    During and after their uses of excessive force and violation of GARRETT JAMES SCHMIDT'S rights, MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, and possibly DOE Defendants, violated their duty to intervene to stop such violations of GARRETT JAMES SCHMIDT'S rights, and they engaged in a code of silence to cover up such violations of rights – including during the Stanislaus County District Attorney's investigation – by not reporting the force that they and other officers inflicted on GARRETT JAMES SCHMIDT or otherwise truthfully reporting what they saw.  The Ninth Circuit has explained that a law enforcement "code of silence" consists of a single rule: "an officer does not provide adverse information against a fellow officer." *Blair v. City of Pomona*, 223 F.3d 1074, 1081 (9th Cir. 2000) (taking judicial notice of the *Report of the Independent Commission on the Los Angeles Police Department* 168 (1991) (also known as the "Christopher Commission Report").  MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL,

COMPLAINT FOR DAMAGES                                               - 6 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

WILSON, SHACKELFORD, and possibly DOE Defendants, failed to report their own and other officers' uses of force both in their written reports and when interviewed in official investigations of this incident.

27.     Defendants' unlawful tactics and collective use of force were totally unnecessary and unreasonable under the circumstances; caused the use of unnecessary, inappropriate, and excessive deadly force; were conscience shocking; and were done without a legitimate law enforcement purpose.

28.     At all material times, and alternatively, the actions and omissions of each defendant were intentional; wanton and/or willful; conscience shocking; reckless; malicious; deliberately indifferent to Plaintiffs' rights; done with actual malice; grossly negligent; negligent; and objectively unreasonable.

29.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

a.     Wrongful death of GARRETT JAMES SCHMIDT;

b.     Hospital and medical expenses (survival claims);

c.     Coroner's fees, funeral, and burial expenses (survival claims);

d.     Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (based on wrongful death and loss of familial association);

e.     Loss of economic support (based on wrongful death and loss of familial association);

f.     GARRETT JAMES SCHMIDT'S severe and painful physical injuries pursuant to federal civil rights law (survival claims);

g.     GARRETT JAMES SCHMIDT'S loss of life, pursuant to federal civil rights law (survival claims);

h.     GARRETT JAMES SCHMIDT'S conscious pain and suffering, pursuant to federal civil rights law (survival claims);

i.     Violation of constitutional rights;

COMPLAINT FOR DAMAGES                                           - 7 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

j.   Pain and Suffering, including emotional distress (as to both Plaintiffs based on individual § 1983 claims for loss of familial association);

k.   All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988, 12205; California Civil Code §§ 52, 52.1; California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## COUNT ONE
### —42 U.S.C. § 1983—
### AGAINST MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, AND DOES 1–10

30.   Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

31.   By the actions and omissions described above, MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, and SHACKELFORD, and DOES 1–10 violated 42 U.S.C. § 1983, depriving Plaintiffs and/or GARRETT JAMES SCHMIDT of the following clearly established and well-settled constitutional rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

a.   GARRETT JAMES SCHMIDT'S right to be free from unreasonable seizures as secured by the Fourth Amendment (survival and wrongful death claims);

b.   GARRETT JAMES SCHMIDT'S right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment (survival and wrongful death claims);

c.   GARRETT JAMES SCHMIDT'S right to be free from the use of unlawful deadly force as secured by the Fourth Amendment (survival and wrongful death claims);

d.   The right to be free from wrongful government interference with familial relationships, and GARRETT JAMES SCHMIDT'S and Plaintiffs' rights to companionship, society and support of each other, as secured by the First and Fourteenth Amendments (individual claims).

32.   By the actions and omissions described above, MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10 violated 42 U.S.C. § 1983, depriving Plaintiffs of the following clearly established and well-settled constitutional rights protected by the First and the Fourteenth Amendments to the U.S. Constitution:

a.   The right to be free from wrongful government interference with familial relationships, and GARRETT JAMES SCHMIDT'S and Plaintiffs' rights to companionship, society and support of each other, as secured by the First and Fourteenth Amendments.

33.   Defendants subjected GARRETT JAMES SCHMIDT and Plaintiffs to their wrongful conduct, depriving GARRETT JAMES SCHMIDT and Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of GARRETT JAMES SCHMIDT) and others would be violated by their acts and/or omissions.

34.   As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries culminating in the death of GARRETT JAMES SCHMIDT and damages as set forth at ¶ 29, above.

35.   The conduct of MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. Plaintiffs do not seek punitive damages against either the CITY OF MODESTO or Defendant CHIEF CARROLL in his official capacity.

36.   Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and applicable federal and California codes and laws.

**COUNT TWO**
**—42 U.S.C. § 1983 (Municipal and Supervisory Liability)—**
**AGAINST DEFENDANTS CITY OF MODESTO,**
**CHIEF OF POLICE CARROLL, AND DOES 1–10**

37.   Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

38.   The unconstitutional actions and/or omissions of MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10 and other officers employed by or acting on behalf of Defendant CITY OF MODESTO, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the MPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by

policy making officers for the CITY OF MODESTO and the MPD, including, but not limited to, Defendant CARROLL:

      a.    To use or tolerate the use of excessive and/or unjustified force;

      b.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control holds, and arrest techniques;

      c.    To fail to train and instruct officers on the appropriate use of a TASER;

      d.    To cover-up violations of constitutional rights by any or all of the following:

          i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill, drug addicted or emotionally disturbed persons;

          ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

          iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

      e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

      f.    To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 *et seq.*; and

      g.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (h) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs.

    39.    Defendants Chief CARROLL, and DOES 1–10, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline MPD Defendant Officers

COMPLAINT FOR DAMAGES               - 10 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

1  BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10, and

2  other MPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which

3  were thereby violated as described above.

4        40.    Defendant CARROLL and DOES 1–10 ratified and approved the

5  unconstitutional actions and conduct of MPD Defendant Officers BETTIS, LAMANTIA,

6  CALDWELL, WILSON, SHACKELFORD, DOES 1–10, and other MPD personnel, as

7  described above.  Plaintiffs are informed and believe, and thereupon allege, that the details of

8  this incident have been revealed to Defendants CARROLL, CITY OF MODESTO, and DOES

9  1–10, and that they had direct knowledge of the fact that the killing of GARRETT JAMES

10  SCHMIDT was not justified, but represented an unconstitutional use of unreasonable,

11  excessive, and deadly force.  Notwithstanding this knowledge, Defendants CARROLL, DOES

12  1–10, and authorized policymakers within Defendant CITY OF MODESTO, approved of the

13  actions and/or omissions of MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL,

14  WILSON, SHACKELFORD, and DOES 1–10 that resulted in the death of Plaintiff, and they

15  have made a deliberate choice to endorse the actions of MPD Defendant Officers BETTIS,

16  LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10, and the bases for

17  those actions, that resulted in the death of GARRETT JAMES SCHMIDT.  By so doing, the

18  authorized policy makers within the CITY OF MODESTO and the MPD, including Defendant

19  CARROLL and DOES 1–10, have shown affirmative agreement with the individual defendant

20  officers' actions, and have ratified the unconstitutional acts of the individual defendant

21  officers.

22        41.    The aforementioned customs, policies, practices and procedures; the failures to

23  properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and

24  discipline; as well as the unconstitutional orders, approvals, ratification and toleration of

25  wrongful conduct of Defendants CARROLL, CITY OF MODESTO, and DOES 1–10; were a

26  moving force and a proximate cause of the deprivations of Plaintiffs' clearly established and

27  well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in ¶¶

28  31-32, above.

COMPLAINT FOR DAMAGES                - 11 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

42.     Defendants subjected GARRETT JAMES SCHMIDT and Plaintiffs to their wrongful conduct, depriving GARRETT JAMES SCHMIDT and Plaintiffs of rights described herein knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of GARRETT JAMES SCHMIDT, Plaintiffs and others would be violated by their acts and/or omissions.

43.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY OF MODESTO, CHIEF CARROLL, DOES 1–10, as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in ¶¶ 34-36, above, and punitive damages against CHIEF CARROLL in his individual capacity.

**COUNT THREE**
**—VIOLATION OF CIVIL CODE §52.1—**
**AGAINST MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, DOES 1-10, AND CITY OF MODESTO**

44.     Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

45.     Plaintiffs bring this "Bane Act" claim individually for direct violation of their own rights, and as a survival claim pursuant to California Code of Civil Procedure § 377.20 *et seq.* for violation of GARRETT JAMES SCHMIDT'S and Plaintiffs' own rights.  By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy as described above, interfered with, attempted to interfere with, and violated GARRETT JAMES SCHMIDT'S and Plaintiffs' rights under California Civil Code §52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

      a.  GARRETT JAMES SCHMIDT'S right to be free from unreasonable seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution (survival claims);

      b.  GARRETT JAMES SCHMIDT'S right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution (survival claims);

///

COMPLAINT FOR DAMAGES                                                  - 12 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

c.  GARRETT JAMES SCHMIDT'S right to be free from the unreasonable use of deadly force as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution (survival claims);

d.  GARRETT JAMES SCHMIDT'S and Plaintiffs' right to be free from wrongful government interference with familial relationships, and GARRETT JAMES SCHMIDT'S and Plaintiffs' rights to companionship, society and support of each other, as secured by the First and Fourteenth Amendments to the United States Constitution (Plaintiffs' individual claims); and

e.  The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43 (Plaintiffs' individual claims).

46.   Unlawful deadly force which violates the Fourth Amendment violates the Bane Act.[2] Defendants' use of unlawful deadly force against GARRETT JAMES SCHMIDT in and of itself constitutes threat, intimidation, or coercion.  Additionally, Defendants violated GARRETT JAMES SCHMIDT'S and Plaintiffs' rights by the following conduct constituting threat, intimidation, or coercion:

a.  Violating GARRETT JAMES SCHMIDT'S rights to be free from unlawful seizures by excessive force;

b.  Causing and permitting the infliction of repeated applications of unnecessary force on GARRETT JAMES SCHMIDT, by multiple officers, using multiple modalities of force (including TASERS), using force that was severe and/or deadly, over several minutes;

c.  Violating GARRETT JAMES SCHMIDT'S and Plaintiffs' rights to familial association by their use of conscience-shocking excessive force.

47.   Alternatively or concurrently, the threat, intimidation, and coercion described herein were not necessary or inherent to Defendants' violations of Plaintiffs' rights, or to any legitimate and lawful law enforcement activity.

48.   Further, all of Defendants' violations of duties and rights, and coercive conduct described herein, were volitional acts; none was accidental or merely negligent.

///

---

[2] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

COMPLAINT FOR DAMAGES                                                      - 13 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

49.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of GARRETT JAMES SCHMIDT'S and Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained serious and permanent injuries and damages, and, against each and every Defendant, are entitled to relief as set forth above at ¶¶ 34-36, above, and punitive damages against MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1 and California law, not limited to costs, attorneys' fees, three times actual damages, and civil penalties.

50.     Defendant CITY OF MODESTO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

**COUNT FOUR**
**—NEGLIGENCE; PERSONAL INJURIES—**
**AGAINST ALL DEFENDANTS**

51.     Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

52.     At all times, each Defendant owed GARRETT JAMES SCHMIDT and Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

53.     At all times, each Defendant owed GARRETT JAMES SCHMIDT and Plaintiffs the duty to act with reasonable care.

54.     These general duties of reasonable and due care owed to GARRETT JAMES SCHMIDT and Plaintiffs by all Defendants include but are not limited to the following specific obligations:

    a.     to refrain from using excessive and/or unreasonable force against GARRETT JAMES SCHMIDT;

    b.     to refrain from abusing their authority granted them by law;

    c.     to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

55.     Additionally, these general duties of reasonable care and due care owed to

COMPLAINT FOR DAMAGES                                                    - 14 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

GARRETT JAMES SCHMIDT and Plaintiffs by Defendants CITY OF MODESTO (acting through its responsible employees and agents including CHIEF CARROLL and DOES 1–10), CHIEF CARROLL, and DOES 1–10, include, but are not limited to, the following specific obligations:

        a.      to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline MPD officers under their supervision (including MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10) to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

        b.      to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs';

        c.      to refrain from making, enforcing, and/or tolerating the wrongful procedures, training, and customs set forth at ¶ 38, above.

56.      Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.  Defendant CITY OF MODESTO is vicariously liable pursuant to California Government Code § 815.2.

57.      As a direct and proximate result of Defendants' negligence, GARRETT JAMES SCHMIDT and Plaintiffs sustained serious and permanent injuries and damages, and, against each and every Defendant, are entitled to relief as set forth above at ¶¶ 34-36, above, and to punitive damages against MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10.

**COUNT FIVE**
**—ASSAULT AND BATTERY—**
**AGAINST MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, DOES 1-10, AND THE CITY OF MODESTO**

58.      Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

59.      The actions and omissions of MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10 as set forth above constitute assault and battery.  Defendant CITY OF MODESTO is vicariously liable pursuant to California

COMPLAINT FOR DAMAGES          - 15 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

Government Code § 815.2.

60.   As a direct and proximate result of Defendants' assault and battery of GARRETT JAMES SCHMIDT, Plaintiffs sustained serious and permanent injuries and damages, and are entitled to relief as set forth above at ¶¶ 34-36, above, and to punitive damages against MPD Defendant Officers BETTIS, LAMANTIA, CALDWELL, WILSON, SHACKELFORD, and DOES 1–10.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a.   compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b.   punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant CITY OF MODESTO);

c.   all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988; California Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

d.   Injunctive relief, including but not limited to the following:

i.   an order prohibiting Defendants from engaging in the unconstitutional or unlawful customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

ii.   an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for the use of deadly force and carotid holds;

iii.   an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

iv.   an order requiring Defendants to train all MPD officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

e.   such other and further relief as this Court may deem appropriate.

///

COMPLAINT FOR DAMAGES                                            - 16 –
*Schmidt v. City of Modesto, et al.*
USDC (E.D. Cal.) Case No.: _____

Dated: October 18, 2017                    LAW OFFICES OF PANOS LAGOS


                                          */s/Panos Lagos*
                                          Panos Lagos, Esq.
                                          Attorney for Plaintiff,
                                          GARRETT JAMES SCHMIDT, Deceased,
                                          through his Co-Successors in Interest,
                                          JAMES A. SCHMIDT, and CYNTHIA SCHMIDT


## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury.


Dated: October 18, 2017                    LAW OFFICES OF PANOS LAGOS


                                          */s/Panos Lagos*
                                          Panos Lagos, Esq.
                                          Attorney for Plaintiff,
                                          GARRETT JAMES SCHMIDT, Deceased,
                                          through his Co-Successors in Interest,
                                          JAMES A. SCHMIDT, and CYNTHIA SCHMIDT